## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH KAROL and JANE KAROL, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | 20 C 4344 |
| | ) | |
| OLD SECOND NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**Charles P. Kocoras, United States District Judge**:

## MEMORANDUM OPINION

Before the Court is Defendant Old Second National Bank's ("Old Second") motion to stay the above-captioned matter pending the resolution of a related appeal before the Illinois Appellate Court's First District. For the following reasons, the Court grants Old Second's motion.

## BACKGROUND

This federal action arises from the foreclosure of Plaintiffs' Kenneth Karol and Jane Karol (collectively, "Karols") home by the Cook County Circuit Court on July 26, 2018. (Cook County Case No. 16-CH-7557). In that state foreclosure action, the Illinois trial court granted summary judgment for Old Second, issued a judgment of foreclosure, and allowed a judicial sale of the subject property. After the Illinois trial court entered judgment for Old Second and denied Karols' post-trial motions, Karols appealed to the Illinois Appellate Court's First District on October 10, 2019. (First

1

District Appellate Case No. 0119-2091). That appeal argues that Illinois Hardest Hit program funds cured the Karols' default in loan payments that resulted in the foreclosure. The appeal also concerns, among other relevant things, the legal force of three key documents, including a 2010 Mortgage Note, a 2014 Terms Modification Agreement, and a 2017 Terms Modification Agreement. As of August 31, 2020, the Illinois appeal is fully briefed and remains pending.

Karols' federal complaint filed on July 28, 2020—almost four years after the state foreclosure action was initiated—alleges misconduct with respect to the 2017 Terms Modification Agreement, which the Karols' allege modified their obligations under the 2010 Mortgage Note. Specifically, Karols allege that Old Second's conduct with respect to the 2017 Terms Modification Agreement (1) violated the Real Estate Settlement Procedures Act ("RESPA") (Count 1); (2) violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count 2); and (3) breached the 2017 Terms Modification Agreement (Count 3). In the instant motion, Old Second argues that these claims are parallel and that a judicial stay is warranted under both *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) and this Court's inherent authority to stay proceedings.

## LEGAL STANDARD

The *Colorado River* doctrine provides that "a federal court may stay or dismiss a suit in federal court when a concurrent state case is underway, but only under exceptional circumstances and only if it would promote wise judicial administration."

2

*Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (cleaned up).[1] The Supreme Court has "cautioned that abstention is appropriate only in exceptional circumstances and has also emphasized that federal courts have a virtually unflagging obligation to exercise the jurisdiction given them." *AXA Corp. Sols. v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (cleaned up). The Court's task "in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983) (cleaned up). At the same time, "[u]nder established abstention doctrines, however, a federal court may, and often must, decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts and their ability to resolve the cases before them." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010).

The Court's analysis under *Colorado River* has two steps. The Court first asks "whether the state and federal court actions are parallel." *Freed*, 756 F.3d at 1018. "If the actions are not parallel, the *Colorado River* doctrine does not apply and the court need not address the second part of the analysis." *Id.* If the proceedings are parallel, the Court must then weigh ten non-exclusive factors that include (1) whether the state has

---

[1] The Court uses the parenthetical "cleaned up" to enhance the readability of this opinion. *See* Jack Metzler, Cleaning Up Quotations, 18 J. App. Prac. & Process 143 (2017).

assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 754 (7th Cir. 2006). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818–19.

## **DISCUSSION**

### 1.  **The State and Federal Actions Are Parallel**

"Two suits are parallel for *Colorado River* purposes when substantially the same parties are contemporaneously litigating substantially the same issues.  Precisely formal symmetry is unnecessary.  A court should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues. In essence, the question is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.  Any doubt regarding the parallel nature of the [state] suit should be resolved in favor of exercising jurisdiction." *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498–99 (7th Cir. 2011) (cleaned up).

4

Applying these principles, the Court concludes that the state and federal actions are parallel because there is a "substantial likelihood" that the Illinois appeal will resolve Karols' claims. *See Adkins,* 644 F.3d at 499. The parties to the state foreclosure action and this action—Kenneth Karol, Jane Karol, and Old Second National Bank— are identical. Furthermore, the state foreclosure action and this action involve extremely closely related legal and factual issues, which include the following. 1. Did Old Second breach a valid contract? 2. Did Old Second properly apply payments to the Karols' loan? 3. Did Old Second have a right to foreclose on the property? 3. Were Old Second's actions related to the loan and the Karols' payments in compliance with both the original mortgage contract and the subsequent Change in Terms Agreements executed in 2014 and 2017. 4. Did Old Second waive any default by signing the 2017 Change in Terms Agreement? 5. Did the 2017 Change in Terms Agreement constitute a new note? 6. Are the Karols correct that the earlier notes were superseded by and merged into the 2017 Change in Terms Agreement?

These essential factual and legal questions are likely to be conclusively resolved by the state appeal, which warrants the Court's temporary abstention to best streamline the federal proceedings and facilitate their prompt resolution. Indeed, the Illinois court's decision could be "*res judicata* in this action." *Canna v. Canna*, 2020 WL 6203334, at *5 (N.D. Ill. 2020) (collecting cases discussing *Colorado River* abstention and *res judicata*). While the Court is mindful of the differences between *res judicata* and *Colorado River* abstention, the Court still observes that but for the pendency of

Karols' appeal, Old Second would likely have the ability to file a motion to dismiss on *res judicata* grounds, which could meaningfully simplify, and may even fully resolve, this litigation. Even were the Karols' right that some of the claims ripened only after the state foreclosure judgment, "the success of *all* of Plaintiff's claims [still] turn on the same underlying issue[s]" *Willson v. Bank of Am., N.A.*, 2016 WL 8943333, at *3 (S.D. Fla. 2016), *aff'd*, 684 F. App'x 897 (11th Cir. 2017). Additionally, even if some discovery into Old Second's state of mind is necessary, that does "not necessarily preclude a finding that the two suits are parallel." *Placek v. U.S. Bank, Nat'l Ass'n*, 2018 WL 1397428, at *4 (N.D. Ill. 2018).

The Karols are correct that there are *some* differences in the state and federal proceedings, but that does not defeat the Court's conclusion that the claims are parallel. This is because "[p]recisely formal symmetry is unnecessary" to establish parallelism. *Adkins*, 644 F.3d at 499; *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) ("suits need not be identical to be parallel"). Indeed, "the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel." *AAR Int'l, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir. 2001). Rather, cases are parallel if "substantially the same parties are contemporaneously litigating substantially the same issues in another forum or if the cases involve the same parties, arise out of the same facts and raise similar factual and legal issues," *Tyrer*, 456 F.3d at 752. Put concisely: the governing test is not whether the issues are *completely* the same;

rather, it is whether the issues are *substantially* the same. *See Restoration Servs., LLC v. R&R Boardwalk, LLC*, 2017 WL 5478304, at *4 (N.D. Ill. 2017).

The issues here are substantially the same because there is a substantial likelihood that the state foreclosure appeal will dispose of all claims presented in Karols' complaint, which is the critical question in analyzing parallelism. *See Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011). For example, if the Illinois Appellate Court concludes that the 2017 Terms Modification Agreement was not an independent, non-integrated contract, then Karols' federal claims may be resolved. While it is conceivable that the state appeal may not resolve every aspect of Karols' claims it will still affirmatively answer the core legal and factual questions "by examining largely the same evidence" at issue in this case. *Id.* at 647. Specifically, in this case and in the pending appeal, the contract at issue in the two suits are identical and both actions involve the same property, the same mortgage, the same note, the same Change in Terms Agreements, and the same relevant payments.

Any difference between the cases also do not cast doubt on whether the state appeal will be an "adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses*, 460 U.S. at 28. This is because the federal RESPA claim is largely derivative of the underlying state claims concerning what force, if any, the 2017 Modification of Terms Agreement has. Moreover, the mere presence of a federal cause of action itself is not dispositive because the parallel nature of actions cannot "be

dispelled by repackaging the same issue under different causes of action." *Clark*, 376 F.3d at 686–87.

For these reasons, the state appeal and the instant case are parallel because they involve the same parties, an identical set of facts, and present substantially similar legal issues. *See Freed,* 756 F.3d at 1020 ("The factual allegations and legal analyses in the cases largely overlap, and the issues will be resolved largely by referencing the same facts and evidence. Therefore, the issues in the two cases, while not identical, are substantially the same.").

## 2. The *Colorado River* Factors Favor Abstention

Having concluded that the proceedings are parallel, the Court will address each of the ten factors in turn. *See Freed*, 756 F.3d at 1022 (district courts must "carefully address[] each of the ten factors and provide sufficient explanation for its findings").

The first factor—whether Illinois has assumed jurisdiction over the property— favors abstention. Because Old Second initiated a foreclosure action in Illinois state court, the Illinois courts—including the Illinois Appellate Court—have assumed jurisdiction over the subject property. *See Beal Bank USA v. Swift*, 2017 WL 372325, at *4 (N.D. Ill. 2017).

The second factor—whether the federal forum is inconvenient—is neutral because both cases are pending in Chicago courts. *See Freed v. Friedman*, 215 F. Supp. 3d 642, 655 (N.D. Ill. 2016) ("Because the federal and state suits are pending in courts located in Chicago, the federal forum is not inconvenient, and the second factor weighs

against abstention."); *Knight v. DJK Real Estate Grp., LLC*, 2016 WL 427614, at *6 (N.D. Ill. 2016) (similar).

The third factor—the desire to avoid piecemeal litigation—strongly favors abstention. Because the foreclosure appeal is substantially likely to dispose of a majority of the factual and legal issues presented in this case, abstaining would prevent the parties from having to contemporaneously litigate substantially similar issues in state and federal court. Specifically, if the Illinois Appellate Court were to rule favorably for Old Second, then Karols' federal case might be wholly or substantially dismissed on *res judicata* grounds. "The Seventh Circuit has made clear that this sort of redundancy counsels in favor of a stay." *See Cramblett v. Midwest Sperm Bank, LLC*, 230 F. Supp. 3d 865, 871 (N.D. Ill. 2017) (cleaned up). A stay would also save resources and is therefore in line with *Colorado River*'s intent. The Court observes that if "both state and federal proceedings were allowed to proceed, inconsistent rulings could jeopardize the appearance and actuality of justice." *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1290 (7th Cir. 1988). Such potentially inconsistent factual rulings would run afoul of *Colorado River* and are another reason strongly favoring abstention.

The fourth factor—the order in which jurisdiction was obtained—heavily favors abstention. The Seventh Circuit has held that differences in filing times as short as between five and seventh months favor abstention. *See, e.g.*, *Interstate Material Corp.*, 847 F.2d at 1290 (seventh months); *Lumen Const., Inc. v. Brant Const. Co.*, 780 F.2d

9

691, 697 (7th Cir. 1985) (five months). Here, jurisdiction was obtained in the state court on June 3, 2016—well before Karols' July 28, 2020 federal complaint. This nearly four-*year* period surpasses seven months and therefore favors abstention. Additionally, this delay itself undercuts Karols' reliance on *Clinton v. Jones,* 520 U.S. 681 (1997) because Karols did not pursue their federal claims with all due dispatch. In any event, *Clinton* is easily distinguishable as being about the Executive Office of the President—not state court foreclosure judgments.

The fifth factor—the source of governing law—favors abstention. Counts 2 and 3 involve state law claims that involve factual issues relating to the 2017 Modification of Terms Agreement. Accordingly, these state law claims are best resolved—at least at this stage—by state courts. *Freed*, 756 F.3d at 1022 ("[A] state court's expertise in applying its own law favors a *Colorado River* stay."). Karols raise a valid argument that Count 1—the RESPA claim—is a creature of federal, not state, law, but that claim is still substantially "derivative" of the factual and legal issues at play in the Illinois appellate action. *See Brodsky v. Blake*, 2018 WL 1138539, at *10 (N.D. Ill. 2018) (collecting cases where federal claims are derivative of state law claims). This factor therefore favors abstention.

The sixth factor—the adequacy of state proceedings to vindicate a plaintiff's rights—is neutral. Because two of the Karols' claims arise under state law and because RESPA grants concurrent jurisdiction to the state court, the state courts can satisfactorily protect Karols' rights. *See Willson*, 2016 WL 8943333, at *3 ("RESPA

provides for concurrent jurisdiction, which indicates a policy in favor of abstention."). Significantly, the Court is also staying, not dismissing, this case which gives the Karols' the opportunity to "revive" the "federal litigation depending on the outcome in state court." *Freed*, 756 F.3d at 1023. Any delay is also likely to be very short as the Karols' appeal is currently fully briefed and pending before the First District as of August 31, 2020.

The seventh factor—the relative progress of state and federal proceedings— strongly favors abstention. In this litigation, as in *Colorado River*, there have been no proceedings prior to the filing of this motion. By contrast, the state trial court has already issued a foreclosure judgment and the case is currently pending on appeal in the Illinois Appellate Court. "[T]his factor weighs in favor of abstention—and heavily so, given that the state proceeding is already on appeal." *Cramblett v. Midwest Sperm Bank, LLC*, 230 F. Supp. 3d 865, 873 (N.D. Ill. 2017); *see also Bozek v. Bank of Am., N.A.*, 2016 WL 6395509, at *4 (N.D. Ill. 2016) (ordering a *Colorado River* stay where a "judgment of foreclosure has been entered").

The eighth factor—the presence or absence of concurrent jurisdiction—also favors abstention. Karols' claims are fundamentally "matters[s] of Illinois mortgage- foreclosure law." *Schuller v. Am.'s Wholesale Lender*, 2015 WL 5316413, at *5 (N.D. Ill. 2015). Accordingly, the Court has no reason to doubt the adequacy of the state-court appeal for the Karols' especially because RESPA grants concurrent jurisdiction in state and federal courts.

The ninth factor—the availability of removal—is neutral and therefore disfavors abstention. The availability of removal has been different at different points in this litigation, but the simple fact now is that this case is on appeal and no longer removable. Taken together with the other factors, any prejudice to the Karols' is outweighed by the legal and factual clarity likely to be provided by the Illinois appellate decision— especially because a decision is potentially imminent as the state appeal has been fully briefed for almost two months.

The tenth and final factor—the vexatious or contrived nature of the plaintiff's federal claims—also favor abstention. "As other courts have recognized, one need not comment adversely on a federal plaintiff's motives to conclude that, because his federal court claims closely track his state-court pleadings, the federal suit is vexatious and contrived within the meaning of *Colorado River*." *Brodsky*, 2018 WL 1138539, at *13 (cleaned up).

"As explained above, several of these factors—namely, the desirability of avoiding piecemeal litigation, the order in which the concurrent forums obtained jurisdiction, and the relative progress of the state and federal proceedings—weigh particularly heavily in favor of a stay, as they especially indicate that abstention would promote wise, efficient judicial administration." *Cramblett*, 230 F. Supp. 3d at 874. Abstention is therefore warranted and is in line with how other courts in this district have handled similar cases. *See, e.g., Loughran v. Wells Fargo Bank, N.A.*, 2019 WL 6349890 (N.D. Ill. 2019); *Kane v. Bank of Am., Nat'l Ass'n*, 2017 WL 2243055 (N.D.

Ill. 2017); *Kinzy v. Howard & Howard, PLLC*, 2017 WL 168480 (N.D. Ill. 2017); *Delaney v. Specialized Loan Servicing, LLC*, 2015 WL 7776902 (N.D. Ill. 2015) (collecting cases); *Nieves v. Bank of Am., N.A.*, 2015 WL 753977, at *7 (N.D. Ill. 2015); *Schuller,* 2015 WL 5316413.

### 3.  The Court Also Exercises Its Inherent Authority To Issue A Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket[.]" *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Thus, "[a]part from abstention, the Court enjoys the inherent power to stay proceedings before it, to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Calleros v. FSI Int'l, Inc.*, 892 F. Supp. 2d 1163, 1171 n.8 (D. Minn. 2012) (cleaned up); *e.g., Rhodes v. Indep. Blue Cross*, 2012 WL 447544, at *3 (E.D. Pa. 2012) (exercising court's inherent authority notwithstanding *Colorado River*); *Melo v. Gardere Wynne Sewell*, 2005 WL 991600, at *3 n.3 (N.D. Tex. 2005) (similar and noting the permissibility of relying on inherent authority "even when other standards for abstention are not strictly met").

Applying these principles, even if *Colorado River* abstention were not warranted, this Court would still exercise its inherent authority to issue a stay pending the forthcoming resolution of the state appeal.  This approach is a "measured one" and it "protects the substantial rights of the parties while permitting the district court to

manage its time effectively." *Ingersoll Mill. Mach. Co. v. Granger*, 833 F.2d 680, 686 (7th Cir. 1987).

Accordingly, Old Second's motion is granted.

## **CONCLUSION**

For the foregoing reasons, Old Second's motion is granted because *Colorado River* abstention is warranted. Even if *Colorado River* were not satisfied, the Court would nevertheless stay this action under its inherent authority pending resolution of the related state appeal. Once the Illinois Appellate Court resolves the appeal, either party may move this Court to lift the stay. The parties are also ordered to file a joint status report with this Court within seven days of the Illinois Appellate Court's final disposition of the case. It is so ordered.

Dated: 10/29/2020

_____
Charles P. Kocoras
United States District Judge